UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TEKLEMARIAM DANIEL HAGOS,

           Plaintiff,

   v.

POLYCLINIC, *et al*.,

           Defendants.

Case No. C22-1610-TSZ-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983.[1] Plaintiff Teklemariam Daniel Hagos is currently confined at the King County Correctional Facility in Seattle, Washington. The claims asserted in this action relate to a criminal case currently pending against Plaintiff in Seattle Municipal Court ("SMC"). (*See* dkt. # 11.) This matter comes before the Court at this time for the purpose of screening Plaintiff's amended prisoner civil rights

---

[1] Plaintiff, at various places in his amended complaint, refers to this as a "Bivens Case," an apparent reference to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). (*See* dkt. # 11 at 5, 7, 9-10.) However, actions under *Bivens* and actions under § 1983 are nearly identical except for the replacement of a state actor under § 1983 by a federal actor under *Bivens*. As Plaintiff was advised in this Court's prior Order, because he is proceeding against state defendants and not federal defendants, his complaint is properly construed as one filed pursuant to § 1983. (*See* dkt. # 10 at 1 n.1.)

REPORT AND RECOMMENDATION
PAGE - 1

1  complaint. The Court, having reviewed Plaintiff's amended complaint, and the balance of the

2  record, concludes that Plaintiff has not stated a cognizable claim for relief in this action. The

3  Court therefore recommends that Plaintiff's amended complaint and this action be dismissed

4  without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B).

## II.   BACKGROUND

Plaintiff submitted his original complaint to the Court for filing on November 9, 2022. (*See* dkt. # 1.) The complaint related to an incident that occurred at a Polyclinic location in the City of Seattle on August 26, 2022, and resulted in Plaintiff's arrest and the subsequent filing of charges against him in SMC under case number 668034. (*See* dkt. # 9.) Plaintiff identified three claims for relief in his complaint, and he identified therein the following three Defendants: the Polyclinic; the Seattle Police Department ("SPD"); and SMC Judge Willie Gregory. (*See id*.)

Plaintiff asserted in the first count of his complaint that the Polyclinic violated his rights under the Due Process Clause, the Self-Incrimination Clause, and the Equal Protection Clause in relation to the events of August 26, 2022. (*See* dkt. # 9 at 4, 6.) Plaintiff alleged in support of these claims that on the day in question, he was at the Polyclinic when he was confronted by two security officers who were employed by Allied Universal and were providing security for the clinic. (*Id*. at 6.) Plaintiff claimed that the officers acted aggressively towards him, that they treated him in a discriminatory fashion, and that they fabricated allegations against him. (*Id*.) The fabricated allegations apparently involved an assertion by the officers that Plaintiff had been "trespassed" from the Polyclinic, which Plaintiff disputed. (*Id*.)

Plaintiff asserted in the second count of his complaint that the SPD fabricated probable cause in the arrest report written in relation to the events of August 26, 2022. (Dkt. # 9 at 7.) Plaintiff alleged in support of this claim that two SPD officers approached him at the Polyclinic

REPORT AND RECOMMENDATION
PAGE - 2

"with Fabracated (sic) Probable Cause." (*Id.*) Plaintiff suggested that the "investigatory stop" by the SPD officers was unlawful because he had a viable defense to any allegation of criminal trespass, which in Plaintiff's view, apparently constituted the fabricated probable cause. (*Id.*) Plaintiff indicated that he was arrested by the SPD officers and transported to the SPD East Precinct where the arrest was "screened," but he was thereafter "declined" at both the King County Correctional Facility and the South Correctional Entity Jail, and he was eventually released in Des Moines, Washington. (*Id.*)

      Plaintiff appeared to assert in the third count of his complaint that his pending SMC criminal case was based upon fabricated evidence. (Dkt. # 9 at 9-10.) Plaintiff did not allege any facts in support of that claim.

      After reviewing the complaint, this Court concluded that Plaintiff had not adequately stated any cognizable claim for relief in his pleading. The Court therefore issued an Order declining to serve the complaint and granting Plaintiff leave to file an amended complaint. (Dkt. # 10.) The Court explained in its Order that the complaint was generally deficient because Plaintiff failed to allege sufficiently clear facts to demonstrate that he was entitled to any form of relief based on the events of August 6, 2022. (*Id.* at 5.) The Court noted that Plaintiff had relied heavily on citations to case law and legal arguments in his complaint, but had not adequately connected his legal arguments to the few facts set forth in his pleading. (*Id.*) The Court also explained that Plaintiff had not identified any viable defendant in his complaint, nor had he demonstrated that his claims were properly before this Court given that state court criminal proceedings relating to the claims were then pending. (*See id.* at 5-7.)

      Plaintiff was granted leave to file an amended complaint within thirty days, and the Court received his amended complaint for filing on January 11, 2023. (Dkt. # 11.) Plaintiff identifies

REPORT AND RECOMMENDATION
PAGE - 3

three claims in his amended complaint, all of which appear to again relate to SMC criminal case number 668034. (*See id*. at 4-9.) Plaintiff alleges in the first count of his amended complaint that his speedy trial rights under Rule 3.3 of the Washington Superior Court Criminal Rules and under the Sixth Amendment were violated when the SMC extended his trial date from December 5, 2022, to March 6, 2023, apparently without providing him proper notice. (*Id*. at 4-6.)

Though not entirely clear, Plaintiff appears to allege in the second count of his amended complaint that the charge pending against him in the SMC criminal case is based upon fabricated evidence. (*See* dkt. # 11 at 7-8.) Plaintiff alleges no facts in support of this claim, but instead cites to case law pertaining to the bringing of fraudulent claims. (*See id*.) Plaintiff fails to explain how this case law relates to the underlying criminal case.

Finally, Plaintiff alleges in the third count of his amended complaint that the City of Seattle engaged in misconduct in relation to the SMC criminal case, though the precise nature of the alleged misconduct is unclear. (Dkt. # 11 at 8-9.) Once again, Plaintiff fails to allege any actual facts in support of his claim, and instead cites to court rules which appear to primarily pertain to the issuance and/or service of subpoenas. (*See id*.) Plaintiff fails to explain how the cited rules relate to the underlying criminal case.

Plaintiff identifies the City of Seattle as the lone Defendant in his amended complaint. (*See* dkt. # 11 at 3.) Plaintiff requests relief in the form of dismissal of the SMC criminal case with prejudice and monetary damages in the amount of $99 million.

### III.   DISCUSSION

#### A.   Legal Standards

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or

REPORT AND RECOMMENDATION
PAGE - 4

employee. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

**B.     Analysis**

Though the claims alleged by Plaintiff in his amended pleading are not a model of clarity, the one aspect of his claims that is clear is that they all pertain in some fashion to his ongoing SMC criminal case. (*See* dkt. # 11 at 4-9.) This assessment of Plaintiff's claims is reinforced by the fact that Plaintiff seeks as relief in this action dismissal of the pending criminal case with prejudice and monetary damages from the City of Seattle specifically related to that case. (*See id*. at 10.)

As Plaintiff was advised in the Court's Order declining to serve his original complaint, any claims pertaining to his ongoing criminal proceedings are not properly before this Court at the present time. Generally, the federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam); *see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). Plaintiff's amended pleading, like his original pleading, does not reveal any extraordinary circumstances which would appear to justify this Court's intervention in his SMC criminal proceedings. Accordingly, Plaintiff's claims are not cognizable in this civil rights action, and this action must be dismissed.

## IV.     CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's amended complaint and this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C.

§ 1915(e)(2)(B), for failure to state a cognizable claim for relief under § 1983. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 10, 2023**.

DATED this 19th day of January, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 7